IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MAYBERRY,<br><br>           Plaintiff,<br><br>     v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>           Defendant._____/ | No. CV 09-1369 CW<br><br>ORDER DENYING DEFENDANT'S MOTIONS TO DISMISS AND TRANSFER VENUE. |

Pursuant to Federal Rule of Civil Procedure 12(b)(3), Defendant International Business Machines Corporation (IBM) moves to dismiss Plaintiff Robert Mayberry's complaint, or, in the alternative, to transfer venue pursuant to either 28 U.S.C. Section 1404(a) or Section 1406(a). Plaintiff opposes these motions. Having considered all of the papers filed by the parties, the Court DENIES Defendant's motions to dismiss and to transfer venue.

                              BACKGROUND

In May, 1988, Plaintiff, who is African American, began employment with Defendant, which has its headquarters in New York. Plaintiff's first work location was in San Jose, California.

During Plaintiff's tenure with Defendant, his office was located in the San Francisco Bay Area.  Over the years, multiple work assignments took him out of California for periods of time, but he always returned to a California office after completion of those assignments.  In 2007, Defendant offered Plaintiff, and Plaintiff accepted, a temporary assignment in South Africa as General Manager and Vice President, Sub Saharan Africa.  The assignment began on August 1, 2007 and was to continue through July 31, 2009.  Plaintiff reported to South Africa Country Manager Mark Harris.  Plaintiff alleges that Mr. Harris's conduct toward him led him to request that Defendant's human resources department investigate Mr. Harris for harassment and hostility.  Plaintiff alleges that following this investigation, on February 19, 2008, Defendant informed him that his assignment in South Africa was terminated.  Plaintiff further alleges that he was unable to secure other employment within IBM and that he received a separation letter from Defendant on June 6, 2008.  Subsequently, Plaintiff returned to northern California.

    On March 27, 2009, Plaintiff filed suit against Defendant and unnamed Does.  In addition to several California state law claims, Plaintiff's complaint alleges: (1) racial discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, and (2) racial discrimination, including harassment and retaliation in the making and/or performance of a contractual relationship arising out of an employer/employee relationship, in violation of 42 U.S.C. Section 1981.

2

On May 15, 2009, Defendant filed a motion pursuant to Federal Rule of Civil Procedure 12(b)(3) for dismissal or, in the alternative, transfer of venue to the Southern District of New York.

## LEGAL STANDARD

The defense of improper venue may be raised in a first responsive pleading or by a separate pre-answer motion pursuant to Federal Rule of Civil Procedure 12(b)(3). When venue is improper, a district court may dismiss the case or, if it is in the interest of justice, transfer the case to any other district in which it could have been brought. 28 U.S.C. § 1406(a).

Venue in federal civil cases is generally controlled by 28 U.S.C. Section 1391. Where, as here, jurisdiction in a civil action is not founded on diversity of citizenship, the action may, except as otherwise provided by law, be brought only in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State,
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
> (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

Title VII has its own provisions relating to venue:

> Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but

3

> for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C. § 2000e-5(f)(3).

A district court may grant a discretionary change of venue pursuant to 28 U.S.C. Section 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The statute identifies three basic factors for district courts to consider in determining whether a case should be transferred: (1) convenience of the parties; (2) convenience of the witnesses; and (3) the interests of justice. The Ninth Circuit has identified numerous additional factors a court may consider in determining whether a change of venue should be granted:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

Jones v. GNC Franchising Inc., 211 F.3d 495, 498-99 (9th Cir. 2000). The burden is on the defendant to show that the convenience of parties and witnesses and the interests of justice require transfer to another district. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979). The Supreme Court has

1  ruled that Section 1404(a) analysis should be an "individualized,
2  case-by-case consideration of convenience and fairness." Van Dusen
3  v. Barrack, 376 U.S. 612, 622 (1964).

DISCUSSION

I.  The Northern District of California is a Proper Venue

Plaintiff's first federal cause of action is under Title VII and is subject to the venue provisions of 42 U.S.C. Section 2000e-5(f)(3). Plaintiff's second federal cause of action is under 42 U.S.C. Section 1981 and is subject to the more general venue provisions of 28 U.S.C. Section 1391. In employment discrimination cases, the Title VII venue provisions control rather than the general federal venue statute, even if a non-Title VII claim is included. Johnson v. Pay Less Drugstores Northwest, Inc., 950 F.2d 586, 587-588 (9th Cir. 1991).

Title VII's first venue criterion concerns where the alleged unlawful employment practices were committed. Under Title VII "venue is proper in both the forum where the employment decision is made and the forum in which that decision is implemented or its effects are felt." Passantino v. Johnson & Johnson Consumer Products Inc., 212 F.3d 493, 506 (9th Cir. 2000). Plaintiff claims that the Northern District of California meets this criterion because, even though he was working in South Africa when the alleged unlawful employment practices were committed, he regarded northern California as his home office of employment, he expected to return to northern California after the temporary assignment in South Africa and he currently resides in northern California, where

he continues to feel the effects of the adverse employment decision.

In Passantino, the aggrieved employee worked from a home office in the State of Washington and the adverse employment decisions occurred in New Jersey. Id. at 500-503. The court held that because those decisions affected the employee at her place of work, which was her home, proper venue included her home district. Id. at 504-506. A major concern of the court in Passantino was that "national companies with distant offices might try to force plaintiffs to litigate far away from their homes." Id. at 505. Forcing "plaintiff[s] to litigate in a federal court on the other side of the country would significantly increase the plaintiffs' costs . . . . [This] would create a substantial burden on plaintiffs working for national sales companies, a burden inconsistent with the beneficent purposes of Title VII." Id.

The concerns of the Passantino court are even more cogent when multinational corporations are involved and adverse employment actions take place overseas. An employee's home district, where the employee worked before a temporary overseas assignment, where the employee reasonably expected to continue working for the employer after the temporary assignment and where the employee does in fact reside again after adverse employment actions, must be regarded as a district where the effects of adverse employment actions made overseas are felt. To hold otherwise would be inconsistent with the beneficent purposes of Title VII. Thus, the Court finds that Plaintiff satisfies the first Title VII venue criterion.

6

The third Title VII venue criterion concerns where the aggrieved employee would have worked but for the alleged unlawful employment practice.  Absent the actions alleged in this case, Plaintiff would now be working in South Africa because his assignment there was to last through July 31, 2009.  However, the statutory language does not limit consideration of where the employee would have worked to a particular point in time.  It is equally valid to assert, as Plaintiff does, that absent the actions alleged in this case, Plaintiff would reasonably expect to have returned to northern California following his temporary overseas assignment and would have worked, after July 31, 2009, for Defendant in northern California.  That Plaintiff was an at-will employee does not negate this reasonable expectation based on his long employment with Defendant, his previous experience and Defendant's practice following prior temporary assignments.  Thus, the Court finds that Plaintiff satisfies the third Title VII venue criterion.

II.  The Interest of Justice Does Not Support a Change of Venue

Defendant argues that, if the Northern District of California is a proper venue for Plaintiff's action, the convenience of the parties and witnesses and the interest of justice supports a change of venue to the Southern District of New York.  To evaluate this argument, the Court considers the factors identified in 28 U.S.C. Section 1404(a) and by the Ninth Circuit.

The first Section 1404(a) factor is the convenience of the parties.  Plaintiff resides in northern California and has no apparent contacts with New York.  Plaintiff is seeking employment

7

in northern California and would face hardship conducting litigation in New York.  Defendant has its headquarters in New York but has a significant business presence in California, and so must expect that it may be involved in litigation in California jurisdictions.  This factor favors Plaintiff.

The second Section 1404(a) factor is the convenience of the witnesses.  Defendant places greatest weight on this factor, arguing that several employees who are potential witnesses hold senior executive positions and are located in New York.  This factor favors Defendant, but Defendant's significant presence in numerous states raises the expectation that employee travel to provide testimony in distant jurisdictions would be a normal business expense.

The first relevant Ninth Circuit factor is the court that is most familiar with the governing law.  Because Plaintiff raises several California state claims, this factor favors Plaintiff.  Although Defendant argues that Plaintiff's state claims are not viable, Defendant has made a Federal Rule of Civil Procedure 12(b)(3) motion, not a 12(b)(6) motion, so evaluation of the state claims is not proper at this point.

The plaintiff's choice of forum is the second relevant Ninth Circuit factor.  Defendant raises the proposition that when "the operative facts have not occurred within the forum and the forum has no interest in the parties or the subject matter, [the Plaintiff's] choice is entitled to only minimal consideration." Lou v. Belxburg, 834 F.2d 730, 739 (9th Cir. 1987).  Because Plaintiff is a citizen of California and raises California state

8

law claims related to the operative facts even though the events occurred elsewhere, California has an interest in the parties and the subject matter of the litigation.  Specifically, California has an interest in seeing that its citizens are not terminated for improper purposes.  This factor favors Plaintiff.

The respective parties' contact with the forum is the third relevant Ninth Circuit factor.  As previously noted, both Plaintiff and Defendant have significant contacts with the Northern District of California, so this factor favors Plaintiff.

The contacts relating to the plaintiff's cause of action in the chosen forum is the fourth relevant Ninth Circuit factor.  Because decisions relating to the alleged adverse employment decisions were more likely to have been made in New York than in California, this factor favors Defendant.

The difference in costs of litigation in the two forums is the fifth relevant Ninth Circuit factor.  If a change of venue is not granted, some of Defendant's employees may need to travel from New York to California for short periods to provide testimony.  If a change of venue is granted, Plaintiff may need to travel multiple times and for extended periods to New York.  Defendant argues that employee travel would impair business operations and impose business costs, but modern telecommunications technology that allows even those in executive positions to remain productive while traveling should minimize this cost.  This factor favors neither party.

The availability of compulsory process to compel attendance of unwilling non-party witnesses is the sixth relevant Ninth Circuit

9

factor.  Defendant argues that neither party could compel non-party witnesses, including former employees of Defendant, to testify at a trial in California.  However, Defendant identifies no potential unwilling non-party witnesses and identifies no former employees who might be witnesses and who now reside in New York rather than California.  This factor favors neither party.

The ease of access to sources of proof is the final relevant Ninth Circuit factor.  Defendant argues that it will rely on personnel files, investigation files, computer records, and email and that none of these records are located in California.  Given the ease of electronic transmission of documents, this factor should be given minimal weight.

Considering all of the factors above, the Court finds that the interests of justice are served by retaining venue in the Northern District of California.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion to dismiss and DENIES Defendant's motion for transfer of venue.

IT IS SO ORDERED.

Dated: 6/25/09

CLAUDIA WILKEN
United States District Judge